## No. 476.

### MRS. SARAH RICHARDSON v. B. H. DINKGRAVE, Sheriff, et al.

The Ingleside plantation was seized and sold in the suit of Pargoud v. Mrs. Richardson. Pargoud became the purchaser. The seizure was not released, neither did Mrs. Richardson leave the plantation which is situated within a short distance of the residence of the sheriff and Pargoud. She cultivated the land and made thereon a crop of cotton and corn with her own means, except three hundred dollars, which the sheriff paid to the hands and which were returned to him. After she had removed some of the cotton, she was injoined from taking any thing more off the place.

The injunction was properly dissolved. It is impossible, under the circumstances, for Pargoud and Dinkgrave not to have known that she was cultivating the plantation. There is neither law nor justice in depriving her of what she made.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Morrison & Farmer*, for plaintiff and appellee. *S. P. McEnery, Cobb & Gunby*, for defendants and appellants.

MORGAN, J. The Ingleside plantation was seized in the suit of Pargoud v. Richardson on the fourteenth February, 1873. Mrs. Richardson injoined the sale. The injunction was dissolved, and on the seventh February, 1874, it was sold and Pargoud became the purchaser.

The seizure in the suit of Pargoud v. Richardson was not released; neither did Mrs. Richardson leave the plantation. The plantation is situated within a short distance of the residence of the sheriff and Pargoud. She cultivated the land and made thereon a crop of cotton and corn with her own means, except three hundred dollars, which the sheriff paid to the hands and which were returned to him.

After she had removed some of the cotton she was injoined from taking anything more off the place.

The injunction was properly dissolved. It is impossible, under the circumstances, for Pargoud and Dinkgrave not to have known that she was cultivating the plantation. We think there is neither law nor justice in depriving her of what she made.

Judgment affirmed.

LUDELING, C. J., *dissenting*.  In this case I dissent on the grounds, that the sheriff, who had under seizure the property of the plaintiff, had the right to prevent the plaintiff from removing from the place under seizure any of the cotton or corn hanging by the root on the place, whether the plaintiff be regarded as a lessee, as *negotiorum gestor*, or as a trespasser.  If she be regarded as lessee, the rents must be paid before the crops could be removed; if she be *negotiorum gestor* or a trespasser, all she could demand was the expenses for making the crop.

Under the textual provisions of the Code, the growing crops, hanging by the roots, form part of the realty, and therefore must be recognized as under seizure with the plantation, and under the control of the officer who made the seizure.

HOWELL, J.   I concur in the above dissenting opinion.

Rehearing refused.